Judge Underwood
delivered the opinion of the Court.
The relator sued the executors of Black, and their sureties, in an action of covenant', upon the bond of the executors, to recover one sixth part of the sum, for which they sold a tract of land, owned by the testator, and winch he directed his executors, to sell upon the death, or marriage of his wife. The will bequeathed one sixth part of the sum, to be received for the land, to the relator. The circuit court sustained a demurrer to the declaration. The plaintiff abiding by the demurrer, has prosecuted a writ of error, with supersedeas..
The declaration is very informal, and not only so, it is likewise radically defective. The suit js styled an action of debt, yet no sum is demanded in the debet et delinet, nor can it be told from the declaration, for what sum, the suit has been brought. Viewing the whole declaration, it should be denominated an action of covenant instead of debt. But to proceed to more important defects. The declaration avers, that the executors sold the land, according to the directions of the will; that the land sold for $> as will appear by reference toan inventory, and signed by the executors. The breach is assigned in theseyvords, <cand the plaintiff further avers, that although the money arising from the sale of the land aforesaid, has *194 long since become due, and is now, owing to the leg* llteos, mentioned in said will* that the said executors, have not well and truly, delivered, or paid to the said Higginbotham, his legacy specified in said will, amounting to $ but have wholly failed, and neglected, and refused to pay the legacy afore* said, or any part thereof, although often requested so to do, and particularly7, on the day of at the circuit court aforesaid, tb the damage of the plaintiff, ‡3000.” Now all this may be true, and yet the plaintiff ought not to recover. It is not averred, that the executors had collected the money, for which the land sold; neither is it alleged, that they could have collected it, but did not, through (heir negligence. It may be, that they have been diligently endeavoring to collect money, ever since it became due, and have failed, through the law’s delay, or the insolvency of the debtors, in either of which events, they are not responsible, if they have acted in good faith. It is not stated, that the land was sold for cash in hand. The contrary is to be inferred, from the statements made. The demurrer was therefore properly sustained.
'Tjogatee and distributee, may have ac-for distribu-tee share & legacy.
Anderson, for plaintiffs.
From the brief furnished by the plaintiff’s counsel, ^ would seem, that the circuit court sustained the demurrer to the declaration, upon the ground, that (-jle relator, as a legatee, could not maintain his action law, upon the executor’s bond, to recover his legacy. If this induced the decision of the circuitcourf, we are of opinion, that they came to a correct conclusion, but for an erroneous reason. The cases of Jackson vs. the Bourbon justices, II. Bibb, 292, and Moore, &c. vs. Waller’s heirs, Marshall,490,are regarded as settling the law, that a distributee, and legatee, may have remedy, for the distributable share and legacy, upon the adminis|rator’s and executor’s official bond.
The judgment of-the circuit court is affirmed with costs.
Xole. The Chief Justice did not sit in this case